IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARTUS CORP., et al. | : CIVIL ACTION | **FILED** |
| v. | : | OCT 2 8 2016 |
| DANIEL SWEENEY, et al. | : NO. 15-6789 | LUCY V. CHIN, Interim Clerk<br>By _____ Dep. Clerk |

**MEMORANDUM**

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE            October 28, 2016

### I.   BACKGROUND[1]

Cartus Corporation has sued Daniel Sweeney and Century 21 Alliance. In 2009, Cartus entered into a contract with Century 21 Alliance whereby Century 21 Alliance helped re-locate employees of Cartus' clients. Sweeney was a real estate agent affiliated with Century 21 Alliance and, pursuant to Century 21's contract with Cartus, he sold a home to Brian and Effie Nocenti. A pre-closing home inspection revealed that the home's stucco needed to be repaired. Cartus alleges that Defendants recommended Stacey Stucco to perform the necessary repairs and that Stacey repaired the home's stucco. About a year later, the stucco was again problematic and a new inspection revealed that it needed to be repaired again and that Stacey's repair may have exacerbated the problem it was supposed to have repaired. The Nocentis successfully sued Cartus in the Court of Common Pleas for Chester County, winning a judgment of $338,424.70. Now, Cartus is suing Defendants, based on contract indemnity and common law indemnity theories, to recoup the damages it paid the Nocentis.

Defendants have filed a Motion to Transfer Venue (Document No. 25) to the United States District Court for the District of Connecticut, on the ground that the parties' contract

---

[1] This background was gleaned from the parties' joint Report of Rule 26(f) Meeting (Document No. 15).

contains a forum-selection provision that picks that court as the appropriate venue.[2] Plaintiffs have opposed (Document No. 26) Defendants' Motion. This court concludes that Defendants' Motion should be granted and will transfer this case to the United States District Court for the District of Connecticut.

## II. DISCUSSION

When parties have contracted for forum selection, their choice should be enforced, "unless extraordinary circumstances unrelated to the convenience of the parties clearly disfavor [doing so]." *Atlantic Marine Const. v. U.S. Dist. Ct.*, 134 S. Ct. 568, 575 (2013). In such cases, the first consideration is whether the forum-selection clause is valid.[3] *Id.* at 581. If it is, then the court must only consider whether public interest factors justify vitiating the parties' contracted decision. *Id.* at 582. The relevant public interest factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local controversies decided at home; and (3) the interest in having a diversity case tried in a court that is familiar with the applicable law. *Id.* at 581 n.6. Of note, the parties' private interests, such as convenience to them or their witnesses, are irrelevant. *Id.* at 582. Finally, the party challenging the forum-selection provision, herein Plaintiffs, bears the burden of showing that the public interest factors overwhelming disfavor enforcing the parties' agreement. *Id.* at 583.

In this case, Plaintiffs have not demonstrated that the forum-selection provision in their contract with Defendants was the product of fraud, undue influence or overweening bargaining power. Hence, that provision is valid. *Silvis*, 90 F. Supp. 3d at 397.

---

[2] The parties' 2009 Contract states in paragraph 17 that the contract shall be construed under Connecticut law and any disputes shall be litigated in the federal or state courts of Connecticut.

[3] In *Atlantic Marine*, the Court presupposed that the forum selection provision at issue was valid. 134 S. Ct. at 581 n.5. A contracted forum-selection provision is valid, unless the party challenging it can demonstrate that the provision was the product of fraud, undue influence or overweening bargaining power. *Silvis v. Ambit Energy, L.P.*, 90 F. Supp. 3d 393, 397 (E.D. Pa. 2015) (citing *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991)).

Plaintiffs have also completely failed to demonstrate how the relevant public interest factors clearly disfavor enforcement of the parties' forum-selection agreement. Instead, Plaintiffs emphasize the inconvenience to them and their witnesses, who are all located in Pennsylvania or in Delaware, if this case were transferred to Connecticut. *See* Pls.' Mem. of Law at 7-8. However, *Atlantic Marine*, which Plaintiffs themselves cite, *see* Pls.' Mem. of Law at 6, expressly states that such considerations are irrelevant. *Atlantic Marine*, 134 S. Ct. at 582. Furthermore, sine the parties' contract specifies that Connecticut law applies to the contract, the third public interest factor favors transferring this diversity case to the United States District Court for the District of Connecticut.

In short, Plaintiffs have failed to carry their heavy burden to demonstrate that their voluntary decision to select the United States District Court for the District of Connecticut as the place to litigate their claims against Defendants should not be enforced. Accordingly, this court will order that this case be transferred to the United States District Court for the District of Connecticut.

An implementing Order follows.